## WILLIAM HARTLEY *vs.* GILBERT TAPLEY.

Future wages, to be earned under an existing engagement, are capable of being assigned, although the workman works by the piece, and his wages per month vary.

SCIRE FACIAS against the defendant as trustee of John McGuire. The defendant, being examined under oath, disclosed as follows: "There was due from me to McGuire, on the 3d of September 1852, $26.13 for his wages previously earned. McGuire was in my employ from that time till the 8th of October 1852, the time of the service upon me of the original process in this case. He worked by the piece, and his wages per month varied. There was no fixed price per month. On the 9th of September 1852, he drew upon me the following order in writing: 'Mr. Gilbert Tapley. Sir: Please to pay to Mrs. John Smith the amount now due me, and forty dollars per per month until this is revoked, and charge the same to my

account. John McGuire.' And on the same day I accepted it in writing, thus : ' Accepted, to pay Mrs. Smith what is now due, and what may be due per month, not to exceed forty dollars. Gilbert Tapley.' Under this order, I paid the $26.13 to Mrs. Smith about the 12th of December 1852, and paid her the subsequent earnings of McGuire, from time to time, as she called for them."

*J. Ladd,* for the plaintiff. The order drawn by McGuire upon the defendant, to pay from month to month, being in terms revocable, and not being drawn for a sum certain, nor upon any existing fund, is not, even *prima facie,* an assignment, but only an authority to pay. *Carrique* v. *Sidebottom,* 3 Met. 299. The defendant should therefore be charged for the earnings of McGuire, all of which he has paid over since the service of the original process upon him.

*S. B. Ives, Jr.* for the defendant. McGuire, being in the defendant's employ at the date of the order, had an assignable interest in his future wages ; and the order, duly accepted by the defendant, operates as an assignment of such wages. The words " until revoked " cannot prevent the operation of the assignment upon wages earned before any revocation. *Emery* v. *Lawrence,* 8 Cush. 151. *Weed* v. *Jewett,* 2 Met. 608. *Dennis* v. *Twitchell,* 10 Met. 180. *Bartlett* v. *Blake,* 7 Met. 335. *Carrique* v. *Sidebottom,* 3 Met. 297. *Bourne* v. *Cabot,* 3 Met. 305.

By the Court. This question has very recently been under the consideration of the court. The rule is, that wages to be earned under an engagement existing at the time of giving the order are assignable ; but not money to be earned hereafter under a new engagement. *Emery* v. *Lawrence,* 8 Cush. 151. *Mulhall* v. *Quinn,* 1 Gray, 105. The particular fact that the workman was employed to work by the piece does not affect the general fact that he was uninterruptedly in the employ of the defendant during all the time in question.

*Judgment for the defendant.*