## Knowlan v. Clopp, Appellant.

*Practice, C. P.—Rule of court—Evidence—Copy of book account.*

A rule of court which relieves a plaintiff from producing books of account where a copy of the account is attached to the sworn statement of claim, does not give the plaintiff the right to offer his statement of claim in evidence in addition to a copy of the book account. The offer must be limited to the book account.

*Practice, C. P.—Trial—Charge—Inadequate charge.*

In an action for work done and performed, the defendant alleged that the work was done under an express contract containing a guaranty, that the work was defectively performed, and that plaintiff had failed to make good his guaranty. Defendant further claimed a set-off by reason of damage resulting from the defective character of the work: The plaintiff denied that the work was done under the contract alleged by the defendant, or that any guaranty of the repair work was given, or that there had been a breach of the guaranty with reference to new work. The court in its charge made no reference to the evidence of an express contract, nor to that bearing upon the allegation of warranty, nor was any instruction given with reference to the claim of set-off. *Held,* that the charge was inadequate and· that the judgment should be reversed. .

Argued Oct. 3, 1905. Appeal, No. 233, Oct. T., 1904, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1902, No. 409, on verdict for plaintiff in case of James Knowlan v. George B. Clopp. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit for work done and performed. Before FINLET-TER, P. J.

The opinion of the Superior Court states the case.

*Errors assigned* were (1) admission of plaintiff's statement of claim; (2-10) various instructions.

*Paul Reilly,* with him *Jas. Aylward Develin,* for appellant.—
The charge was inadequate: Reber v. Herring, 115 Pa. 599; Pierson v. Duncan, 162 Pa. 187; Herstine v. Lehigh Valley R. R. Co., 151 Pa. 244; Galbraith v. Phila. Co., 2 Pa. Superior Ct. 359; Larzelere v. Tiel, 3 Pa. Superior Ct. 109; Shaeffer v. Landis, 1 S. & R. 449; Smith v. Thompson, 2 S. & R. 49; Sommer v. Gilmore, 160 Pa. 129.

*Henry A. Hoefler*, for appellee.—cited : Oehmler v. Ry. Co., 25 Pa. Superior Ct. 617; Field v. Schuster, 26 Pa. Superior Ct. 82.

OPINION BY HENDERSON, J., November 20, 1905:

The plaintiff's action was based upon a book account. The debt was contracted as claimed by the plaintiff for roofing a part of the defendant's shop and repairing the roof on another part. Plaintiff claimed the work was done on the defendant's oral order. At the trial the plaintiff was permitted to offer his statement of claim in support of his action. This was apparently done under the rule of court relieving plaintiffs from the necessity of producing their books of account at the trial where a copy of the account supported by an affidavit of the truth thereof shall have been filed in the case, unless the defendant shall deny in the affidavit of defense or other affidavit filed that the account is correct and demand the production of the books. This rule is limited to a copy of book accounts, and does not include the plaintiff's declaration or statement of claim which consists of his assertion of his cause of action. The rule referred to is convenient, and should be applied when occasion arises, but it was not intended to give the plaintiff the advantage which might exist in presenting his declaration or statement for the consideration of the jury. At the most, the copy of the book account attached to the statement was admissible. The statement should not have been received.

The first assignment is sustained.

The defendant alleged that the work, for the price of which the plaintiff sued, was performed under an express contract; that the plaintiff guaranteed the new work for ten years; and the repair work for six years; that the work was defectively performed, and that the plaintiff had failed to make good his guaranty. He further claimed a set-off by reason of damage resulting from the defective character of the work. The plaintiff denied that the work was done under the contract alleged by the defendant, or that any guaranty of the repair work was given, or that there had been a breach of his guaranty with reference to the new work. In the light of the evidence introduced and of the issues of fact thereby developed, the learned trial judge neglected to adequately instruct the jury in regard

to the questions at issue and the law applicable thereto.    No reference was made to the evidence of an express contract, nor to that bearing upon the allegation of warranty, nor was any instruction given with reference to the claim of set-off.    The case was apparently submitted to the jury by the court upon the theory that the defendant's objection to the plaintiff's claim was that the work charged for was done to remedy prior defective work.    A part of the plaintiff's claim was in fact for repairs, but a large portion of it was for original work.    If the attention of the jury had been called to the actual questions at issue, they might perhaps have reached a different conclusion.    The defendant was entitled to more specific instructions, especially in view of the fact that the attention of the court was called to some of the questions in the defendant's points which were refused.

The judgment is reversed and a venire facias de novo awarded.