# Vallee Brothers Electrical Company *v.* North Penn Iron Company, Appellant.

*Practice, C. P.—Pleading—Statement—Evidence—Book of original entries.*

In an action founded on a book account the statement filed and supported by affidavit contained a true and correct copy of the plaintiff's book of original entires showing the transaction in full detail, and set forth the usual averments that the goods therein charged for were sold and delivered to the defendant at the latter's instance and request, that the prices charged were usual and reasonable, and that the defendant had agreed to pay the same. None of these averments were denied in the affidavit of defense, but it was therein averred that the goods were sold on different orders from the defendant which had been accepted in writing by the plaintiff, and that plaintiff had failed to attach to his statement copies of such orders and acceptances. *Held*, that, at the trial, the court was right in admitting in evidence the book of original entries, and in rejecting the orders referred to in the affidavit of defense.

Because a sale of goods is founded on an order in writing signed by the purchaser and accepted by the seller, the sale does not thereby cease to be the proper subject of a book account.

Argued Oct. 4, 1906. Appeal, No. 18, Oct. T., 1906, by defendant, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1906, No. 3,624, on verdict for plaintiff in case of Vallee Brothers Electrical Company v. North Penn Iron Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before RALSTON, J.
The facts are stated in the opinion of the Superior Court.
Defendant presented the following points:
1. If the jury believe that the goods for which the plaintiff

sues to recover, were furnished under written contracts, or orders, the plaintiff not having declared on such orders, or contracts, but on a book acount, cannot recover in this action and your verdict must be for the defendant. *Answer :* Refused. [1]

2. Under all the evidence of the case your verdict must be for the defendant. *Answer :* Refused. [2]

The court charged in part as follows :

[The defendant does not deny that these goods were furnished and that the prices charged for them were the prices agreed upon, but puts in evidence certain orders in writing directed to the plaintiff, in which defendant orders the goods in question ; and defendant claims that these orders being in writing, the plaintiff is technically not entitled to recover on the book account.

A book account is made up of items of charge for goods sold and delivered, and, of course, no goods can be sold unless they are ordered, and these orders may be either verbal or in writing. If they are in writing, it does not change their character ; it simply insures certainty and enables the parties to avoid any dispute as to what the orders were. In effect, these orders are nothing more than what a verbal order would be.] [3]

The defendant ordered goods at a certain price, and upon these orders the goods were furnished, and in my opinion the plaintiff is entitled to recover if you believe the testimony, which has not been contradicted.] [4]

Verdict and judgment for plaintiff for $1,118.41. Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*Clifton Maloney*, for appellant.—A book of original entries is not evidence of the performance of a special contract, whether oral or in writing, for the delivery of goods : Hall & Co. v. Woolen Co., 187 Pa. 18 ; Nickle v. Baldwin, 4 W. & S. 290 ; Wilkinson Mfg. Co. v. Welde, 196 Pa. 508 ; Eshleman v. Harnish, 76 Pa. 97 ; Corr v. Sellers, 100 Pa. 169 ; Holt v. Pie, 120 Pa. 425.

*A. W. Horton*, for appellee, cited : Carpenter v. Vulcanite

Portland Cement Co., 211 Pa. 551; Knowlan v. Clopp, 29 Pa. Superior Ct. 424.

OPINION BY HEAD, J., November 19, 1906 :

The single question presented by this record arises from the following averment in the affidavit of defense, viz: " The lamps for which suit is brought were furnished by the plaintiff upon twelve different orders from the defendant which were accepted in writing by the plaintiff. The plaintiff has failed to attach to his statement of claim copies of said orders and acceptances." The action was founded on a book account. The statement, filed and supported by affidavit, contains a true and correct copy of the plaintiff's book of original entry, showing the transaction in full detail, and sets forth the usual averments that the goods therein charged for were sold and delivered to the defendant at its instance and request, that the prices charged were usual and reasonable and that defendant had agreed to pay the same. None of these averments were denied in the affidavit of defense. At the trial the plaintiff, under the rules of court and general practice, offered in evidence the sworn copy of its book account, the correctness of which had not been denied, proved by one of its officers that no part of the balance therein shown to be due had been paid and rested. The copy of the account offered in evidence supported the cause of action declared on. The objection made to it, even if otherwise meritorious, was not then available because it rested on an allegation of fact which must have been first established by way of defense before it could be properly considered by the court. The learned court was, therefore, right in admitting the offer and the plaintiff had then made out a complete prima facie case : Carpenter v. Cement Co., 211 Pa. 551; Knowlan v. Clopp, 29 Pa. Superior Ct. 424.

The defendant then offered in evidence the several written orders on which the goods were shipped and asked for binding instructions in its favor on the ground that its contract was special and in writing, and that plaintiff having failed to declare on the special contract and attach copies of the orders to the statement, could not recover. The court refused to so instruct, held that the evidence showed but the ordinary commercial transaction of a sale of merchandise and that plaintiff could and ought to recover.

The learned counsel for the appellant contends that under the pleadings and evidence in this case, the books of the plaintiff were neither competent nor sufficient to establish the sale and delivery of the goods and relies, to support this contention, on Lonergan v. Whitehead, 10 Watts, 249; Hall & Co. v. Woolen Co., 187 Pa. 18; Wilkinson Mfg. Co. v. Welde, 196 Pa. 508, and kindred cases.  We are unable to adopt the conclusion thus urged upon us.  As was well said in the oldest of the above-cited cases, " from the first settlement of the country, books of original entries, verified by the oath of the party, have been received as evidence of the sale and delivery of goods. . . . The evidence has been admitted from necessity ; for, according to the usual mode of doing business, the sale and delivery being contemporaneous acts, commonly take place when no other persons are present, and are consequently susceptible of no other proof."  If the application of this rule was thus held to be necessary in early days when commercial transactions were comparatively few in number and small in amount, it is not apparent why it should now be relaxed or abandoned when such transactions have increased in number and amount a thousand fold.  If the modern manufacturer or jobber in a large city who ships his goods to purchasers scattered through a dozen states and usually upon written orders, must be prepared, before he can collect an account, to transport his entire office and shipping force to a remote county seat in a distant state, to prove, by living witnesses, the shipment or delivery of goods ordered, a condition wholly intolerable and destructive of business would result.

It is true the orders in this case were in writing specifying the number, kind and price of the various articles and the destinations to which they were to be consigned, but all this in no wise leads to the conclusion that there was, in the legal sense, presented anything but the usual and ordinary sale of merchandise.  The orders themselves, written on blanks prepared for that purpose, seem to indicate that the parties themselves regarded their dealing as within the familiar lines of an everyday commercial transaction.

In none of the cases cited can we find authority for the conclusion that because a sale of goods is founded on an order in writing signed by the purchaser and accepted by the seller, the

sale thereby ceases to be the proper subject of a book account, and that in an action to recover the price the ordinary rules of evidence applicable to the trial of actions founded on book accounts should not be enforced.  In Lonergan v. Whitehead, supra, it was held that the books of the seller were not admissible to prove the delivery of the articles where " the contract was in writing for the delivery of a quantity of bottles as they were manufactured, at different times and at distant periods, and the only question is whether the vendor performed the contract."  In the present case the plaintiff company appears to have been engaged in the sale of articles of the kind embraced in the order.  Blanks were prepared and used to enable the purchaser to designate briefly and conveniently just what he desired to buy.  The orders did not contemplate a manufacture of goods not then in existence and their delivery at future and distant periods, but a present purchase of goods in stock and their immediate shipment.  " Please ship the following, subject to conditions on back, to this company " is the language of the order.

In Hall & Co. v. Woolen Co., 187 Pa. 18, a written contract signed by both parties, it was held that the contract was so palpably ambiguous that it could not support a verdict without the aid of explanatory evidence.  The court below, in refusing to permit the plaintiff to prove, by its books of account, deliveries according to its construction of the contract, uses this language which was adopted by the Supreme Court: " The contract of sale is an express contract for the sale of an article not in existence at the time of the sale, but to be manufactured and made in the future.  No property therein passed to the vendee until made or manufactured and either actually delivered to the defendants or at least set aside to them and accepted by them, and, therefore, except upon proof of such acceptance it could not be the subject of book entry."  This statement of the rule of law which must control points out, with such clearness as to prohibit further discussion, why the sale we are now considering should not be regarded as a special contract the performance of which the plaintiff must prove by the general rules of evidence, but should be classified with those ordinary commercial transactions that become the proper subjects of book accounts, in the trial of which the long-established rules of

evidence pertaining to actions founded on book accounts should be applied and enforced.   As the defendant neither averred nor proved any failure to deliver the goods charged for, we think the conclusion reached by the learned trial court was right.

Judgment affirmed.