## SAMSTAG v. ORR.

### Opinion delivered January 8, 1912.

GARNISHMENT—EFFECT OF PRIOR ASSIGNMENT.—Where the tenant of a building sublet a portion of it, and assigned the rent due from the subtenant to the landlord to pay an arrearage of rent due by him, such rent in the hands of the sub-tenant is not subject to garnishment at the instance of a creditor of the tenant.

Appeal from Garland Chancery Court; *Alphonso Curl*, Chancellor, affirmed.

STATEMENT BY THE COURT.

Appellant held a judgment against one J. C. Wyatt, upon which there was a balance of more than $1,000 due, and upon which he sued out a writ of garnishment against Jeff Freeman in his own right and as agent for the heirs of John W. Freeman.

Freeman, the garnishee, answered, stating that he was occupying a store room in the Navarre Hotel building as tenant of the said Wyatt, under a lease expiring December 31, 1910, at a rental of $225.00 payable monthly, as successor to Freeman Bros. That they paid said rent to Wyatt until April 22, 1910, when he was directed by said Wyatt, by the following order, to pay rent to Dave Burgauer:

"Fort Smith, Ark. April 22, 1910.

"Mr. Jeff Freeman, Hot Springs, Ark:

Dear Sir: Until further notice, please pay Mr. Dave Burgauer all rent due me on the store room in the Navarre Hotel (including April rent). This will authorize Mr. Burgauer to receipt for me in my name.

"Yours truly,

"J. C. Wyatt."

That he paid to said Burgauer the rents for the months of April, May and June, 1910, and would have continued to pay rent to him under said order but for the garnishment.

Appellee intervened, claiming the fund sought to be garnished, under said assignment, alleging, that he was the owner of the Navarre Hotel and leased it to J. C. Wyatt, in November, 1905, for a period of seven years at a monthly rental of $575, who in turn sublet a part of said building to Freeman Bros., for a period ending December 31, 1910, at a monthly rental of $225. That in November, 1910, Wyatt fell in arrears with his rent to appellee, and in order to secure the rent due and to become due assigned all rent due and to become due him from said Freeman Bros. to Dave Burgauer, as his agent and representative. That Wyatt was indebted to him in the sum of $1,000, and, by virtue of being the landlord and owner of said building, he had a lien on the rent due from Freeman Bros. That Freeman Bros. accepted the order, and thereafter paid the rent due from them to said Burgauer.

Appellant filed a reply to the intervention, denying the material allegations thereof.

The testimony shows that Dave Burgauer, to whom the order on Freeman was given for the payment of rent by Wyatt, was cashier of the Bank and Trust Company, in Hot Springs, which had charge of the renting of appellee's property. That J. C. Wyatt rented from said agent Orr's property, known as the "Navarre Hotel," and owed him a balance of $2,756.50 on October 1, 1910. That said Wyatt subleased the store room in the building to Freeman Bros. for a rental of $225 per month, and in April, 1910, he made the order set out on Jeff Freeman, successor to Freeman Bros., directing the payment of the rent to said Burgauer, lessor's agent, which was presented to and accepted by Freeman Bros., who thereafter paid the rent to

him as directed until the writ of garnishment was served on them.

The lease from C. G. Orr, appellee, to Wyatt, under whom Freeman Bros. were holding as subtenants, was made November 15, 1905, for a period of seven years, at an annual rental of $6,900, to be paid "to Orr, or to his banker or agent *in advance,* on the first day of each and every month during the term of the lease, as follows: $575 on the first day of each month thereafter until the expiration of the term."

It further stipulated that if such monthly rent was not paid, or any conditions of the lease not performed, the first party had the right, after such default and three days' notice in writing, to enter and take possession of the premises and eject all parties therefrom with or without legal proceedings.

The chancery court found that there had been an assignment by Wyatt of the rent due and to become due from Freeman Bros., and dismissed the garnishment, and from the judgment this appeal comes.

*J. B. Wood,* for appellant.

The order of Wyatt to Jeff Freeman does not amount to an equitable assignment. The intent of the parties to effect an assignment must be clearly established. 20 Cyc. 1014. And it must appear that there was no intent on the part of the assignor to retain any control over the fund assigned, or any authority to collect or any power of revocation. 81 U. S. 692; 60 Pac. 563-4; 37 Ore. 33; 4 Cyc. 45-6, and cases cited in note; 4 Cent. Dig. § 61; 21 S. E. 50. That Wyatt expressly reserved control of the debt is evidenced by his use of the words "until further notice."

His authorizing Burgauer to collect rents due from Freeman to him, Wyatt, and to apply the proceeds to the payment of monthly rental due from Wyatt to Orr, was in no sense an assignment. 36 Ala. 652; 76 Am. Dec. 343; 34 Fed. 724; 4 Cyc. 47-8. To be valid, an assignment must be based on a valid consideration. 4 Cyc. 30. See also 34 Mo. App. 363; 4 Cyc. 55.

*Greaves & Martin,* for appellee.

1. Under the law relating to subleases, the rents were not, under the facts presented in this record, subject to garnishment

in the hands of Freeman Bros., Kirby's Digest, § 5037. Independently of this statute, the fund would not be subject to garnishment in the hands of the garnishee because the original lessor reserved in the lease the right of re-entry for the non-payment of the rent; and if the rents in the hands of Freeman Bros. could be garnished for Wyatt's debts, then they would have no protection as against the original lessor. 2 Kerr on Real Prop. § 1255; 1 Taylor on Landlord & Tenant, § 291.

2. The order to Jeff Freeman from Wyatt constituted a sufficient and valid assignment. Drake on Attachments, § 526; 68 Mass. 565; 43 Am. St. Rep. 393; 97 *Id.* 142; 28 *Id.* 740; 10 Metc. 180.

KIRBY, J., (after stating the facts). The question to be decided is, did the court err in holding that the fund sought to be garnished was not subject to garnishment?

The writ of garnishment was sued out on July 18, 1910, but on April 22, prior thereto, the order by J. C. Wyatt, lessee of the Navarre Hotel from appellee, through his agent, the Arkansas Trust Company, of which Dave Burgauer, the payee in the order, was cashier, was made, presented to and accepted by Freeman, representative of Freeman Bros., subtenants of Wyatt, and garnishees herein. The rent was paid thereafter as directed in the order until the garnishment was served. This order from Wyatt, lessee of appellee's hotel building, who was in arrears with the payment of his rent, was made on his subtenants, directing them to pay the rent thereafter to become due, including April, to Burgauer, who was in fact the representative and agent of appellee, owner of the building. By the terms of the lease, J. C. Wyatt, the lessee, being in arrears with the rent, appellee could have declared the lease forfeited and resumed possession of the entire building upon three days' notice to quit, without regard to whether the subtenants were paying rent or to whom. Taylor on Landlord and Tenant, § 291. 2 Tiffany on Landlord & Tenant, § 137; 1 Underhill, Landlord and Tenant, § 632. Such being the case, the subtenants, the garnishees, could, without the order, have paid the rent directly to the lessor, or his agent and protected their right of possession. 1 Underhill on Landlord & Tenant, § 334. Their payments of rent under the order discharged not only their own indebtedness to the maker of it but the same amount

of his indebtedness to the original lessor, as all the parties intended it should do.

It is true, the order stipulated that the rent should be so paid "until further notice," but it was made and accepted, and three months' rent had been paid in accordance with its direction to the agent of the lessor by the subtenant before the garnishment was served on him, and no notice to the contrary had been given, and the lessee, the maker of the order, was still indebted to the lessor for rent, and it authorized the lessor to collect the rent directly from the subtenant, and amounted to an asssignment of the fund, the rents due and to become due to the payee, the agent of appellee, the lessor, and was not subject to garnishment for the debts of the maker, and the garnishment was properly dismissed. *Hartley* v. *Tappey*, 68 Mass. 565; *Metcalf* v. *Kincaid*, (Ia.) 43 Am. St. Rep. 393; *Com'l. Nat'l Bank* v. *Portland*, 60 Pac. 563; *Jones* v. *Glover*, 21 S. E. (Ga.) 50; *Christmas* v. *Russell*, 81 U. S. 69; 20 L. Ed.

The decree is affirmed.