# Watsontown Brick & Clay Products Company *v.* Bernard, Appellant.

*Contract—Specifications—Statement of claim—Pleadings—Assignment.*

1. In an action for a large quantity of brick sold and delivered, the statement of claim averred that the brick were intended for the use of the United States government, and that they had been consigned to a government navy yard by order of the defendants, and that the government had paid the defendants for them. A written order for the brick signed by the defendant was attached to the statement of claim. The order after specifying the number of brick and the price continued as follows: "Same as samples submitted by you." Further along in the order were these words: "Copy of these specifications herewith attached and which your blocks stood." There was no other reference to the specifications. *Held*, (1) that the order made the "samples" the standard for the goods to be delivered under the contract; and (2) that it was unnecessary to attach to the statement of claim, a copy of the specifications, inasmuch as they were not used in connection with the goods ordered.

2. In such an action where a corporation is the plaintiff, if the defendants aver in their affidavit of defense that the defendants had

assigned the contract with the government to the plaintiff, and that this assignment had been accepted by the plaintiff, the defendants are bound to disclose in their affidavit the party or parties who had been authorized to represent the plaintiff corporation in the negotiation relating to the alleged assignment.

3. A letter attached to the affidavit of defense disclosing nothing more than the acceptance of the order for the bricks, and an undertaking to deliver them to the government, will not be construed as an assignment to the plaintiff of the contract with the government.

Argued Oct. 11, 1911. Appeal, No. 135, Oct. T., 1911, by defendants, from order of C. P. No. 4, Phila. Co., March T., 1911, No. 1,035, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Watsontown Brick & Clay Products Company v. Robert Y. Bernard and Howard D. Bernard, copartners, trading as Bernard Brothers. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*W. Horace Hepburn, Jr.*, for appellant.—Where suit is brought for goods sold and delivered under a written contract the contract must be made part of the record and part of the statement of claim: Acme Mfg. Co. v. Reed, 181 Pa. 382; Lee, Holland & Co. v. Cooper, 8 Pa. C. C. Rep. 481; White v. Sperling, 24 Pa. Superior Ct. 120.

*Bruce A. Metzger*, for appellee.—The statement of claim is, on its face, sufficient: McGonnigle v. McGonnigle, 5 Pa. Superior Ct. 168; First National Bank of Omaha v. Crosby, 179 Pa. 63; People's Street Railway Co.

v. Spencer, 156 Pa. 85; Kambler v. Becker, 27 Pa. Superior Ct. 266; Hastings v. Speer, 34 Pa. Superior Ct. 478; Vallee Bros. Electrical Co. v. Iron Co., 32 Pa. Superior Ct. 111; Wilson Co. v. Reighard, 230 Pa. 141; Genesee Paper Co. v. Bogert, 23 Pa. Superior Ct. 23.

OPINION BY PORTER, J., March 1, 1912:

The plaintiff brought this action of assumpsit to recover of the defendants the balance of the amount alleged to be due for a large number of shale paving blocks sold and delivered. The defendants filed an affidavit of defense which the court below held to be insufficient, and entered judgment for the amount of plaintiff's claim. The defendants appeal from that order.

The appellant's statement of the question involved in this appeal is as follows: "Can a court enter judgment for want of sufficient affidavit of defense where the statement of claim fails to annex the entire contract, and where the affidavit of defense alleges an entirely different contract than the one sued upon?" The statement of claim averred that the plaintiff had, upon the written order of the defendants, shipped the blocks in question to League Island, consigned to the officer representing the government of the United States at that point, that the blocks were intended for use by the United States government and that they were received and used by the government of the United States, the party to whom they were consigned by order of the defendants. A copy of the written order for the blocks, signed by a member of the defendant firm, was attached to the statement of claim, the parts of which material to be here considered are as follows: The order is addressed to the plaintiff corporation and requests it to ship, via Penna. R. R. to "General Storekeeper, League Island Navy Yard; the following material: 309,000 shale paving blocks, at $21.50 per M., delivered. Total, $6450.00. Same as samples submitted by you and were received by us on May 9th, 1910. You are to furnish the additional 9000 free of charge, so as to make up the short-

age in length. Mark each shipment 'Requisition No. 99, Bureau Y. & D.' Shipments to commence to-morrow and continue at the rate of one car per day until the order is completed. They prefer about 10,000 blocks per day, but we have told them that the cars will run from 8,000 to 10,000 each. Do not ship more than one car a day because demurrage may accumulate, but we must ship one car per day, otherwise delays in delivery will cost a fine. Copy of these specifications herewith attached and which your blocks stood. We believe that tests will be made of every two or three cars after the arrival at destination." Directions as to the payment of freight and a statement of the manner in which it was hoped to procure payment, with other details follow, which it is not necessary to quote. The appellant contends that the statement of claim was insufficient for the reason that no copy of the "specifications" mentioned in the above-quoted order is attached to said statement. The burden was upon the plaintiff to set out all the essentials of a good cause of action, and if the order for the goods had made compliance with the specifications referred to in the order essential to performance of the contract which grew out of that order, a copy of the specifications ought to have been attached. The only reference to any specifications found in the order does not appear in direct connection with the description of the paving blocks which the defendants were directing the plaintiff to ship. The first paragraph of the order is complete in itself; " . . . . 309,000 shale paving blocks at $21.50 per M., delivered. Total, $6450.00. Same as samples submitted by you and were received by us on May 9th, 1910." This order expressly makes the "samples" then in the possession of the defendants the standard for the goods to be delivered under the contract. This paragraph is complete in itself, and if it stood alone would unquestionably be a basis for a sale of goods by sample. What follows is a direction as to the manner in which the goods shall be shipped, and after giving explicit directions as to the details of shipment, the second

paragraph of the letter closes. The third paragraph of the paper seems to be largely devoted to informing the plaintiff as to the manner in which the government of the United States does business, refers to the fact that tests would be made of every two or three cars and the necessity for rendering bills promptly. That third paragraph begins with the sentence which the appellant contends rendered it necessary for the plaintiff to attach a copy of the specifications to the statement, the words being "Copy of these specifications herewith attached and which your blocks stood." The order does not say that the blocks which are to be made under it must comply with these specifications, it is not used in connection with the goods being ordered, all that it does do is state the fact that "your blocks stood" the test of these specifications; manifestly referring to the fact that the sample submitted by the plaintiff and then in the possession of the defendants had stood the test which these specifications required. The plaintiff was in this action seeking to recover upon a contract which had been fully performed, the goods had been delivered under the order, accepted and used by the government of the United States, and it is expressly averred in the statement that the government of the United States had paid the defendants for the blocks. The contract having been fully executed, the goods having withstood the tests imposed and having been accepted by the government of the United States, and all these facts having been distinctly averred; the statement embraced all the essentials of a good cause of action, without attaching thereto a copy of the specifications, which were merely referred to in the written order and not in terms made a part of the contract: People's Street Railway v. Spencer, 156 Pa. 85; Vallee Bros. Electrical Co. v. North Penn. Iron Co., 32 Pa. Superior Ct. 111. The goods having been accepted, the burden was upon the defendants to disclose some good reason why they should not pay for them.

The second contention of the defendants, that "the

affidavit of defense alleges an entirely different contract than the one sued upon," is equally without merit. The contention is that the affidavit of defense asserted that the defendants had assigned their contract with the government of the United States to this plaintiff and "That said assigned contract was accepted by the plaintiff in a letter, a copy of which is hereto attached and made part hereof, which is labeled exhibit 'A.'" The defendants did not in their affidavit deny the contract upon which the plaintiff declared, but sought to avoid the effect of that contract by asserting that they had made a different contract with the plaintiff. The plaintiff being a corporation, the burden was upon the defendants to disclose in their affidavit of defense the party or parties who had been authorized to represent the plaintiff corporation in the negotiation, the affidavit of defense failed to do this, but asserted that the letter from the manager of plaintiff corporation, which was attached to the affidavit of defense, constituted an acceptance of an assignment of the contract between the defendant firm and the government of the United States. The law does not make the man who is making an affidavit the judge to determine the legal effect of a paper which he attaches to that affidavit. We have carefully considered the exhibit attached to the affidavit of defense, and in it we find nothing more than an acceptance by the plaintiff corporation of the order of the defendant firm for the goods in question and an undertaking to deliver them according to the terms of that order. There is not in the letter one sentence indicating that the defendants had offered to assign to plaintiff the contract with the government, neither is there anything indicating that the manager of the plaintiff corporation intended to accept an assignment of that contract or that those authorized to represent the corporation had any desire to procure the assignment of the contract to the plaintiff corporation

The judgment is affirmed