# Larkin, Appellant, *v.* Schwitzer.

*Contract—Sale—Article specially made—Passing of title.*

1. Where a purchaser selects a specific piece of cloth and directs the vendor to make it into a dress for her and agrees to return to be fitted in order that the dress may be completed, and the vendor acting on her instructions cuts the cloth and the trimmings into a garment according to her measure, and advances its manufacture to the stage where it is ready to be fitted, the transaction amounts to an appropriation by the vendor, and an acceptance by the vendee and vests the property in the bargainee.

*Judgment—Opening judgment—Payment.*

2. A judgment entered upon a judgment bond for alleged default in interest will be opened where the evidence shows that the bond was given in part payment of a lot of land as to which the remaining payments were to be made in merchandise, and the evidence offered by the defendant in the judgment, although contradicted, tends to show that he had delivered merchandise in excess of the amount agreed upon, and that the plaintiff had agreed to apply this excess on the interest accruing on the bond, and that on this application no interest was due at the time of the alleged default.

Argued April 28, 1913.    Appeal, No. 121, April T., 1913, by plaintiff, from order of C. P. Allegheny Co., July T., 1912, No. 373, making absolute rule to open judgment in case of Annie E. Larkin v. Nathan Schwitzer.    Before RICE, P. J., HENDERSON, MORRISON, ORLÁDY, HEAD and PORTER, JJ.    Affirmed.

Rule to open judgment.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule to open judgment.

*Morton Hunter,* for appellant.—The measure of damages in an executory contract to manufacture a chattel where the purchaser revokes the order before comple-

tion of the article and refuses to accept the article is the difference between the price agreed upon and the market value on the day appointed for delivery: Gallagher v. Whitney, 147 Pa. 184; Allegheny Valley R. R. Co. v. Steele, 11 W. N. C. 113; Allen v. Jarvis, 20 Conn. 38; Lentz v. Choteau, 42 Pa. 435; Unexcelled Fire Works Co. v. Polites, 130 Pa. 536.

The claim of set-off did not arise out of the sale of real estate. It springs from an independent transaction, namely, the manufacture and sale of clothing: Hinkley v. Walters, 8 Watts, 260; Beaty v. Bordwell, 91 Pa. 438; Long v. Morningstar. 212 Pa. 458; Bishop v. Goodhart, 135 Pa. 374.

*A. Seder,* of *Alpern & Seder,* for appellee.—We contend that when appellee cut the goods for the suit in controversy according to appellant's measurements and completed it for a basting fitting by appellant, there was an appropriation of the materials to the contract and therefore it was such a delivery of the suit as passed the title thereto to appellant: Unexcelled Fire Works Co. v. Polites, 130 Pa. 536; Somerset Colliery Co. v. John, 219 Pa. 380; Somerset Colliery Co. v. John, 227 Pa. 228.

OPINION BY HENDERSON, J., July 16, 1913:

The plaintiff sold a piece of land to the defendant on September 27, 1911. The consideration was $1,125, $325 of which amount was to be paid in clothing and dress goods to be furnished to the plaintiff or on her order from time to time within a period of four years from the date of the sale. The balance of the purchase money was secured by a bond and mortgage payable in four years from date with interest at six per cent payable semiannually. Judgment was duly entered on the bond. On April 27, 1912, the plaintiff filed a suggestion of breaches, default in the payment of interest due March 27, 1912, being alleged. The defendant's petition to open the judgment

set forth that clothing to the amount of $343 had been ordered by the plaintiff and that on March 23, 1912, he gave the plaintiff a check for $12.00 to apply on the interest. When the last order for clothing was given by the plaintiff to the defendant the latter alleges that the price of the garment was $65.00 which with the price of the clothing theretofore furnished overran the amount to be paid by the clothing account to the extent of $18.00 which the defendant says the plaintiff agreed to apply on the interest accruing on the bond. According to the defendant's contention, therefore, the interest was overpaid at the time the execution was issued and nothing was due on that account. The plaintiff alleges that one of the items charged for clothing, $40.00 for a velvet coat, is an error—that a velvet dress and coat were bought by her but that they were to cost $110, whereas the defendant's account charged the plaintiff with $110 for the dress and $40.00 for the coat. She further alleges that the item of $65.00 charged for a gray suit is incorrect— that she never ordered nor received the garment for which she is charged. The defendant's reply is that the velvet coat was ordered after the velvet dress was purchased; that it was a separate garment and that the price charged was agreed on between him and the plaintiff. With reference to the gray suit the defendant says that this was ordered by the plaintiff from goods selected by her; that a time was fixed when she was to return to be fitted; that the dress was cut to her measure and prepared for fitting when she returned; that she never came to have it fitted and that the garment remained in the defendant's store to be finished when she returned to have it fitted. All of the defendant's allegations are corroborated by the testimony of other witnesses, and while there is a dispute of fact between the parties we cannot say that the court exercised an unwarranted discretion in opening the judgment. It is urged by the learned counsel for the appellant that the plaintiff is not liable for the price of the gray suit inasmuch as she never received it

and that the measure of damages on the assumption of a contract as set forth by the defendant is the difference between the price agreed to be paid and the market value where such price exceeds the value.   This is a correct statement of the rule as applied to the sale of goods not specifically set apart and appropriated to the vendee, but it does not fix the measure of damages where a thing is specially made under the direction of the purchaser for a particular use.   A distinction is made between sales of merchandise having a market value and articles manufactured according to a special design or pattern for a particular use and therefore not having a ready sale in the market.   Ballentine v. Robinson, 46 Pa. 177, and Henderson v. Jennings, 228 Pa. 188, are cases discussing this principle.   If Mrs. Larkin selected a specific piece of cloth and directed the defendant to make it into a dress for her and agreed to return to be fitted in order that the dress might be completed and the defendant acting on her instructions cut the cloth and the trimmings into a garment according to her measure and advanced its manufacture to the stage where it was ready to be fitted the transaction amounted to an appropriation by the vendor and an acceptance by the vendee and vested the property in the bargainee.   The defendant has done all he could do, and all that remains to be done is that the plaintiff permit him to fit the garment.   He has parted with his property for all marketable purposes and invested his labor therein.   He stands therefore in the position of one who has performed his part and is entitled to recover the contract price.   If the agreement was that credit was to be made on the interest for the excess of the value of the clothing over the amount to be paid in clothing the defendant was not in default at the time when the execution was issued.   The court below found a conflict of competent evidence on the disputed questions, and an examination of the testimony leads us to the conclusion that the discretion exercised in opening the judgment was not erroneous.   As suggested by

the appellant's counsel relief might perhaps have been obtained by setting aside the execution, but the point in controversy is that there was less due on the judgment than is claimed by the defendant and the rights of the parties can be worked out in the form adopted by the court.

The order is affirmed and the appeal dismissed.