### BUHL MALLEABLE CO. v. HUDSON.

(District Court, E. D. Pennsylvania.   November, 1919.)

No. 5520.

1. **SALES** ⬥355(4)—**VARIANCE BETWEEN PLEADING AND PROOF.** .
    In an action for price of castings, there was no variance between the complaint, which alleged a sale and delivery to defendant, and proof, which showed a sale to defendant and a delivery on his order to another.

2. **SALES** ⬥355(4)—**VARIANCE BETWEEN PLEADING AND PROOF.**
    In an action for the price of castings sold and delivered, the complaint which declared for an agreed price, or for the value, if no price was found, is not open to objection that it stated a cause of action on a book account, when the proof was of a written contract and performance.

At Law.   Action by the Buhl Malleable Company against William F. Hudson.   Verdict for plaintiff.   Sur motion by defendant for new trial.   Motion denied.

Carr & Steinmetz, of Philadelphia, Pa., for plaintiff.
C. Wilfred Conard, of Philadelphia, Pa., for defendant.

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

DICKINSON, District Judge. The position of the defendant now taken is characterized by his counsel as wholly technical. On its face it seems also to be ungracious, because the defendant is complaining of the only thing in the trial which gave him the possibility of a verdict in his favor. This point is, however, neither as technical nor as ungracious as it appears to be. It has this claim of merit. The defendant had been buying on his own account castings which were sold and delivered to him by the plaintiff. On his version of the facts in this case these castings were neither sold nor delivered to him, but to a third party, the Guaranty Motors Company. At the most he had made himself responsible for the bill, and it is his right to recover from the Motors Company whatever the plaintiff recovers from him.

The complaint is that the plaintiff brought its action for goods sold and delivered to the defendant, and recovered on proof of the contract of the defendant to pay for castings sold and delivered to the Motors Company. This is averred to be a substantial injustice to the defendant, because it takes away from him what would otherwise be a clear right to recover from the Motors Company, and substitutes for it a claim of doubtful merit. Counsel, because of this, feel justified in asking that the plaintiff be held to a recovery upon the cause of action upon which it declared.

The position taken does not lend itself readily to a clear statement of what it is. The case of the plaintiff was in reality a sale to the defendant and a delivery to the Guaranty Motors Company. The defense was a denial of any such sale, and all liability of the defendant, and a further denial that the castings had the value set forth in the statement of claim.

[1, 2] One feature of the complaint now made is that there was a variance, because the plaintiff averred a sale and delivery to the defendant, and proved a sale to the defendant and delivery to a third party. The reply is that the proof was delivery to the third party by the express direction of the defendant, and hence, in legal intendment, a delivery to him.

Another feature of the same complaint of a variance is that the averment was of a cause of action on a book account of goods sold and delivered, and the proof was of a written contract and performance. The answer is that the name thus given to the cause of action is a misnomer. It is not founded upon a book account, but upon a promise of defendant to pay for what was delivered to him; the book entries being merely evidence of what was thus delivered. The promise, it is true, might be merely the promise which the law implies from the sale and delivery; but it is none the less a promise to pay, if expressly made, or if made in writing.

The distinction is essentially the difference between the ultimate fact and the evidentiary facts by which it is made to appear. The essential right set up by the plaintiff was its right to recover the fair value of the castings it sold to the defendant, and at his direction delivered to the Guaranty Motors Company. This right was in no way changed or lessened because the defendant gave the plaintiff his order in writing for the castings and written directions to deliver to the

Motors Company. Nor do we think the cause of action was changed because there was mention of the price to be paid. Whether the price had been agreed upon was in dispute, or at least what the agreed price was. The plaintiff declared for the reasonable value of the castings, and declared for the agreed price, so that it might recover for the agreed price, if one was established, or for the value, if no agreement as to price was found. This was good pleading, and did not limit otherwise the right of recovery. Vallee Bros. v. North Penn, 32 Pa. Super. Ct. 111.

As affecting only this case, the defendant was not harmed, but was greatly benefited by the state of the pleadings and the course of the trial. His defense of no sale on his credit was hopelessly weak. The castings were delivered, accepted, and used, without complaint of quantity, quality, or value until many months afterwards. Indeed, no complaint in this respect was made until after the original affidavit of defense was filed. If the action had been upon a written contract for an agreed price, defendant would have encountered very serious difficulties in presenting his defense of inferior quality. As the case was presented as one of the fair and reasonable value of what was delivered, the defendant had the fullest opportunity to present this feature of his defense.

The rule for a new trial is discharged. In order that the date of entry of judgment may be definite, no judgment is now entered, but plaintiff has leave to enter judgment on the verdict, with costs, etc.