## Finch Manufacturing Company *v.* Miller & Sons, Appellants.

*Sales—Order—Evidence—Sufficiency.*

In an action of assumpsit for a breach of contract, the case is for the jury and a verdict will be sustained, where the issue is one of fact and the testimony of the plaintiff established a prima facie case of the manufacture, price and delivery of the subject of the contract.

Argued March 4, 1925. Appeal, No. 39, Feb. T., 1925, by defendants, from judgment of C. P. Lackawanna Co., Oct. T., 1920, No. 1369, in the case of Finch Manufacturing Company v. Morris Miller and Samuel Miller, Jr., trading as Samuel Miller & Sons. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on written contract. Before EDWARDS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $360.71 and judgment thereon. Defendant appealed.

*Error assigned* was, among others, the refusal of defendants' motion for judgment non obstante veredicto.

*J. Julius Levy,* of *Kaufman, Mattes & Levy,* for appellants.

*C. B. Price,* and with him *S. B. and J. H. Price,* for appellee.

OPINION BY HENDERSON, J., April 28, 1925:

The pleadings and evidence in this case presented issues of fact which the court could not properly have withheld from the jury.   The written order of November 18, 1909, given by the defendants to the plaintiff was indefinite in terms as to the quantity of dies to be manufactured.   The oral evidence identified the particular verbal orders given by Southwell apparently pursuant to the written direction of the defendants.   The motive for the latter's order to the plaintiff may be found in the fact that one of the members of the defendant company was treasurer of the Lackawanna Shovel Company for whom Southwell was acting in obtaining the service from the plaintiff company.   The jury has found that the work was done as claimed by the plaintiff pursuant to the defendant's order and this was the material inquiry in the action.   The statement of claim and the oral evidence in support of it, to the effect that the work was completed and billed to the Lackawanna Shovel Company, established a prima facie case of the manufacture, price and delivery of the subject of the contract: Corr v. Sellars, 100 Pa. 171; Vallee Bros. Electric Co. v. North Penn Iron Co., 32 Pa. Superior Ct. 111; Henderson v. Jennings, 228 Pa. 188.   The manufacture and delivery was supported by the averments of the claim and the evidence relating to the completion of the dies with notice to the party for whom they were made.   In a careful consideration of the case, we are unable to find a state of fact which would have warranted binding instructions to the jury, nor is there an apparent abuse of discretion in the refusal of the court to grant a new trial.

The assignments are overruled and the judgment affirmed.