BINGHAM *v.* WILLIAMSON & SONS.

Opinion delivered July 13, 1931.

*H. A. Northcutt* and *Oscar E. Ellis,* for appellant.

*Williamson & Williamson,* for appellee.

McHANEY, J. G. R. Gambill was a subcontractor of W. P. McGeorge & Company in the construction of one mile of State Highway on the Salem-Ashflat road. He became indebted to appellees and others, and on April 21, 1930, gave them an order on W. P. McGeorge & Company to pay appellees $500. The order reads as follows:

"You will please mail to R. P. Williamson & Sons, East Sylamore, Arkansas, check for $500, and deduct the same from my estimate on first mile completed on your Salem-Ashflat job.

"Yours truly,

"G. R. Gambill."

McGeorge & Company accepted this order under date of May 2, 1930, as follows: "Replying to yours of April 29th, beg to advise that it is our intention to honor your order on Mr. Gambill's next estimate, as outlined in same."

Thereafter on June 20, 1930, appellant sued Gambill for $1,316 and garnisheed McGeorge & Company. The garnishee answered that he was indebted to Gambill in the sum of $1,541.59, but that it had accepted orders from Gambill in favor of appellees for $500 and another in the sum of $480, and asked that they be made parties to the suit, which was done. McGeorge paid into court the sum of $1,084.28 and asked the court to determine the respective rights of appellant and appellee therein. On a trial the court allowed appellee the $500 claimed by him and the balance was awarded to appellant in the sum of $584.28. This appeal challenges the correctness of this holding for two reasons: first, that there was no unconditional acceptance of the order given to appellee; and second, that, even though there was an unconditional acceptance of the order, there is no proof that as much as $500 of the $1,084.28 was due out of estimate on the first mile completed on the Salem-Ashflat job.

We think appellant is wrong in both contentions. The order above quoted speaks for itself as well as the language of the acceptance. The giving of the order by Gambill and its acceptance by McGeorge constituted an assignment of that much money to appellees. McGeorge after accepting the order held that much of the indebtedness to Gambill for appellees, and it constituted a segregation of that amount from the amount due Gambill, and was not subject to garnishment for the debt of Gambill to appellant. *Samstag v. Orr*, 101 Ark. 582, 142 S. W. 1127.

As to the second point, that there is no proof that McGeorge owed Gambill as much as $500 on the first mile of the road, we think it is clearly established that this amount was due out of the first mile. McGeorge testified

that the next estimate after the date of the order did not come in until July 30th, and in the meantime two garnishments had been served on them, and that he did not know to whom to pay the money. He further testified that he did not have the figures on the first mile until July 30th, which was to cover the balance due Gambill on the first mile. This was more than sufficient to pay appellee's claim.

Affirmed.